IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00352-WDM-PAC

ABIODUN BENAD,

    Applicant,

v.

INS,

    Respondent.

## ORDER DENYING MOTION TO AMEND

**Patricia A. Coan, United States Magistrate Judge**

On June 27, 2005, Applicant [hereafter Petitioner] Abiodun Benad filed a Motion to Amend his Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. The motion was referred to the undersigned on June 27, 2005. In an order entered June 14, 2005, I directed him to file the motion to amend his application, along with a Proposed Amended Application, on or before July 1, 2005. The June 14, 2005 order denied petitioner's prior motion to amend his application [filed June 1, 2005] on the grounds of futility of amendment. Petitioner also filed two previous motions to amend his application for habeas corpus on April 28 and May 6, 2005. In an Order and Recommendation I entered on May 20, 2005, the April 28 and May 6 motions were denied in part on the ground of futility (as they related to assertion of a claim under 42 U.S.C. § 1983) and granted as to petitioner's request to name another respondent, with the instruction that petitioner was to file a proposed amended application naming the respondents he sought to sue along with a description of the claims brought and the nature of the relief

sought in the amended application. The May 20, 2005 Order and Recommendation directed petitioner to file the amended application on or before June 14, 2005. In response to that direction from the court, Petitioner filed another motion to amend on June 1, 2005 (without an accompanying Proposed Amended Application), which was denied in the order of June 14, 2005 referred to above.

Although petitioner has been directed to file an Amended Application for Writ of Habeas Corpus on two prior occasions, he has failed to do so. The document filed with petitioner's motion to amend on June 27, 2005 is the same document (and bears the same signature page and March 7, 2005 date) as the original application filed on March 9, 2005. It is unclear what petitioner intends by his failure to file an amended application after receiving explicit instructions to do so.

Rule 15 of the Federal Rules of Civil Procedure allows for amendment of a pleading, which in this case is an Application for a Writ of Habeas Corpus. A motion to amend without a Proposed Amended Application is not a sufficient ground on which to grant petitioner's motion. I examine plaintiff's *pro se* application in a charitable manner. *Pro se* pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court will not construct legal theories which assume facts that have not been pleaded, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). This court is not allowed to infer or otherwise construe matters alleged in a motion to amend when petitioner is unwilling to include such matters in an amended Application for Writ of Habeas Corpus.

I will allow petitioner **one last chance** to amend his application, by the filing of an Amended Application for Writ of Habeas Corpus with a Motion to Amend.  **If petitioner fails to file the Amended Application for Writ of Habeas Corpus with his Motion to Amend, the motion will be denied and no further amendments will be allowed.** Petitioner is instructed to submit a Proposed Amended Application which reflects the amendments he seeks in his motion with his motion to amend his application. Petitioner shall file such motion to amend and Proposed Amended Application for Writ of Habeas Corpus on or before **July 15, 2005**.  **Petitioner's failure to do so will result in the recommendation that his petition be dismissed.**

For the reasons set forth above, petitioner's Motion to Amend [filed June 27, 2005] is **denied**.

Dated this 30 day of June, 2005.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge

3