IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00352-WDM-PAC

BENAD ABIODUN,

    Applicant,

v.

MARIO R. ORTIZ, et al.,

    Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This matter is before me on the recommendation of Magistrate Judge Patricia A. Coan, issued May 20, 2005, that Applicant's May 16, 2005 Emergency Application for Temporary Restraining Order be denied. Applicant has not filed objections to the recommendation and is not entitled to *de novo* review. 28 U.S.C. § 636(b).

    I have reviewed the pertinent documents and conclude the recommendation should be accepted.

    Additionally, Applicant has filed a motion to Vacate INS Naturalization Decision pursuant to 8 U.S.C. § 1447(b), which has not been referred to Magistrate Judge Coan for determination. § 1447(b) provides that if a naturalization determination is not made within 120 days of an examination of the applicant, as provided for in 28 U.S.C. § 1446, then the applicant may apply to the district court for a hearing, and "[s]uch court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Applicant asserts

that because his naturalization application was denied more than 120 days after his examination, he may seek judicial review under § 1447(b).

However, § 1447(b) does not provide me with jurisdiction to review the denial of Applicant's application for naturalization. Judicial review of such determinations is provided for by 8 U.S.C. § 1421(c). § 1447(b), on the other hand, provides a district court with jurisdiction when an applicant is awaiting an agency determination at the time he or she seeks a hearing before the district court, and does not provide for district court review any time the agency determination occurs after more than 120 days after examination of the applicant have passed. *See Langer v. McElroy*, No. OO Civ. 2741 (RWS, 2002 WL 31789757, at * 3 (S.D.N.Y. Dec. 13, 2002) ("[w]hile the INS may have taken more than the 120 days to make its decision, it eventually did make such a determination and thus jurisdiction cannot be based on this premise). *See also* 8 C.F.R. § 310.5(a) ("[a]n applicant for naturalization may seek judicial review of a *pending* application for naturalization in those instances where the Service fails to make a determination under section 335 of the Act within 120 days after an examination is conducted under part 335 of this chapter") (emphasis added). Consequently, § 1447(b) cannot provide Applicant with the relief he seeks, and his motion should be denied.[1]

Accordingly, it is ordered:

1. The recommendation issued by Magistrate Judge Coan on May 20, 2005, is accepted.

---

[1] However, my finding that I may not vacate the denial of Applicant's application under § 1447(b) does not address the question of whether he is entitled to relief based on delay in the determination of his application. This issue is not before me, and I express no opinion on it.

  2.  Applicant's Motion to Vacate INS Naturalization Decision pursuant to 8 U.S.C. § 1447(b), filed February 25, 2005 (Docket # 4), is denied.

  3.  Applicant's Emergency Application for Temporary Restraining Order, filed May 11, 2005 (Docket # 24), is denied.

DATED at Denver, Colorado, on July 21, 2005.

                BY THE COURT:

                /s/ Walker D. Miller
                United States District Judge