IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00352-WDM-PAC

ABIODUN BENAD,

    Applicant,

v.

DOUGLAS MAURER, DHS, BICE, and MARIO R. ORTIZ, DHS, BCIS,

    Respondents.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Patricia A. Coan, United States Magistrate Judge**

    Applicant [hereafter petitioner] Abiodun Benad filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 on February 25, 2005.  An amended petition was filed on July 8, 2005.  On August 16, 2005, respondents filed a Motion to Dismiss petitioner's application, which was referred to me for recommendation on disposition.  I ordered petitioner to file his response to the Motion to Dismiss on or before September 9, 2005, but petitioner has not filed a response to date.  Petitioner filed a Motion for Summary Judgment on August 26, to which respondents filed their response on September 30, 2005.  That motion has also been referred to me.

*Background*

    Petitioner is being held in Immigration and Customs Enforcement (ICE) custody.  He is a citizen of Nigeria, and based upon his marriage to a U.S. citizen, became a permanent resident on October 9, 1996.  His legal difficulties began in March 1998, when

he was charged with third degree assault, a domestic violence offense which was a misdemeanor. In June 2001, petitioner was charged with felony cocaine possession and distribution, and in May 2002, he was convicted in the Jefferson County Colorado District Court of possession of and distribution of cocaine. The Immigration & Naturalization Service began removal proceedings against petitioner on July 8, 2002. Petitioner was originally sentenced to four years imprisonment on the drug conviction[1] and upon release from state prison, Petitioner was taken into ICE custody. On October 4, 2004, the District Director of U.S. Citizenship and Immigration Services (CIS) ruled that petitioner's application for naturalization would not proceed further due to petitioner's inability to establish good moral character because of his conviction for an aggravated felony (drug trafficking crime).

On March 22, 2005, Immigration Judge (IJ) Vandello ordered petitioner's case reset in light of the finality of petitioner's appeal of right to the Colorado Court of Appeals, and IJ Vandello denied petitioner's motion to terminate the removal proceedings against him. See Applicant's Submission of Exhibits, filed April 4, 2005 (minute order of IJ Vandello entered March 22, 2005 at 2). On May 4, 2005 the IJ ordered petitioner removed to Nigeria. The IJ's decision was affirmed by the Board of Immigration Appeals (BIA) on September 21, 2005. Petitioner submitted a copy of the BIA's decision on September 28, 2005, with a document that indicates that the petitioner has now filed an action seeking

---

[1] Petitioner appealed his conviction to the Colorado Court of Appeals and the Colorado Supreme Court. The Court of Appeals, in *People v. Abiodun*, 87 P.3d 164 (Colo. App. 2003), reversed the judgment and sentence on the possession of a controlled substance and affirmed the conviction on the distribution charge. The Colorado Supreme Court affirmed the Court of Appeals in 111 P.3d 462 (Colo. 2005).

judicial review in the United States Court of Appeals, pursuant to 8 U.S.C. §1252.  See petitioner's "Submission of Exhibit," filed September 28, 2005.

*Analysis*

It is not appropriate for petitioner to maintain an action in the U.S. District Court (as a petition for *habeas corpus*) with a simultaneous petition for review in the United States Court of Appeals on the same set of claims.  In *Antunez-Obregon v. Gonzales*, (unpublished) No. 04-9529, 2005 WL 2328612 (10th Cir. Sept. 23, 2005)$^{2}$, the Tenth Circuit pointed out that Congress recently enacted the "Real ID Act" which amended the judicial review statute.$^{3}$  The Real ID Act, *inter alia*, shifted certain immigration disputes formerly raised through *habeas corpus* in the district courts to the courts of appeals and converted them into petitions for review.$^{4}$  Accordingly, subsection (a)(5) of the Act makes a petition for review to an appellate court the sole means for review of an order of removal issued under the Immigration and Nationality Act and specifically excludes review under the *habeas* statutes.

Based on petitioner's filing of September 28, 2005, entitled "Submission of Exhibit,"

---

$^{2}$This unpublished decision is cited pusuant to 10th Cir. R. 36.3 to illustrate the effect of the Real ID Act on petitioner's habeas corpus petition.

$^{3}$See Pub.L. No. 109-13, Div. B., § 106, 119 Stat. 231, 310 (2005).  It was signed into law May 11, 2005, and most provisions are effective on that date.

$^{4}$Congress added a new provision codified at 8 U.S.C. § 1252(a)(5). Subsection (a)(5) provides: "Exclusive Means of Review. Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section." *Antunez-Obregon at *3.*

the nature of relief petitioner seeks is review of his removal order.  Because of the Real ID Act's provision at 8 U.S.C. § 1252(a)(5), it is not appropriate to consider the merits of petitioner's application for *habeas corpus* relief or even to continue the exercise of subject matter jurisdiction over it.  Petitioner has had some previous difficulty in identifying the nature of the claims in his *habeas* petition, and sought to amend his petition several times.  It is now clear in light of the petitioner's filing of September 28, 2005 entitled "Submission of Exhibit" at 1, that the petitioner seeks review of the decision under 8 U.S.C. § 1252, which divests this court of jurisdiction.  Accordingly, I recommend *sua sponte* dismissal of this action without prejudice, based on the lack of subject matter jurisdiction.  I further recommend that respondents' Motion to Dismiss and plaintiff's Motion for Summary Judgment be denied as moot.

*Recommendation*

For the reasons stated, it is hereby

**RECOMMENDED** that petitioner's Application for Habeas Corpus Relief be **dismissed without prejudice, *sua sponte***, due to the petitioner's advisement to this court in his September 28, 2005 filing entitled "Submission of Exhibit," that he is pursuing a petition for review in the United States Court of Appeals; it is

**FURTHER RECOMMENDED** that the respondent's Motion to Dismiss [doc. # 39] be **DENIED AS MOOT**; and it is

**FURTHER RECOMMENDED** that the plaintiff's Motion for Summary Judgment [doc. # 42] be **DENIED AS MOOT**.

**Within ten days after being served with a copy of the proposed findings and**

**recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 6th day of October, 2005.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge