IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00352-WDM-PAC

ABIODUN BENAD,

  Applicant,

v.

DOUGLAS MAURER, et al.,

  Respondents.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

---

Miller, J.

  The matters before me are two recommendations from Magistrate Judge Patricia A. Coan, issued October 6, 2005, and October 14, 2005, making the following recommendations: (1) Applicant Abiodun Benad's (Benad) amended application for a writ of habeas corpus (habeas petition), filed March 9, 2005, should be dismissed *sua sponte*; (2) Respondents' motion to dismiss, filed August 16, 2005, should be denied as moot; (3) Benad's motion for summary judgment, filed August 26, 2005, should be denied as moot; and (4) Benad's emergency application for temporary restraining order, filed October 13, 2005, should be denied.  In addition, this order also addresses a new application for a writ of habeas corpus, filed by Benad on July 8, 2005.

  I will first address the recommendations.  Benad filed timely objections to both recommendations, and is entitled to de novo review on those issues he specifically objects to.  28 U.S.C. § 636(b); *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir.

1991).  Having reviewed the habeas petition, recommendations, objections, motions, responses, and other relevant filings, the recommendations will be accepted in part, and modified in part, as discussed below.

Benad is a citizen of Nigeria who, following a four-year sentence in the Colorado state prison system, was detained by immigration officials pending removal proceedings.  Benad filed his habeas petition, pursuant to 28 U.S.C. 2241, on February 17, 2005, and an amended petition on March 9, 2005, alleging due process violations and seeking two forms of relief: (1) release from immigration officials' custody; and (2) reversal of the denial of his application for naturalization.

Since the filing of his habeas petition, the Board of Immigration Appeals issued a final order of removal against Benad on September 21, 2005.  Afterwards, Benad filed a "Submission of Exhibit" with this Court indicating that he was seeking Tenth Circuit review of his order of removal.  *See* 8 U.S.C. § 1252(a)(5) (giving the courts of appeals sole and exclusive jurisdiction to hear such claims).

Based on this filing, Magistrate Judge Coan recommended that Benad's habeas petition be dismissed without prejudice, *sua sponte*.  While I agree that Benad's petition, to the extent that it seeks release from custody, can no longer be maintained in this court, I find that the appropriate remedy is transfer to the Tenth Circuit.

The Real ID Act of 2005 was signed on May 11, 2005, depriving this court of jurisdiction over cases challenging a final order of removal.  Pub. L. No. 109-13, § 106(a), 119 Stat. 231 (codified at 8 U.S.C. § 1252(a)(5)).  Moreover, the Real ID Act's provisions are retroactive — requiring federal district courts to transfer any of these

2

cases (or the portion challenging the order of removal) that were pending as of May 11, 2005 "to the court of appeals for the circuit in which a petition for review could have been properly filed."  Pub. L. No. 109-13, § 106(c), 119 Stat. 231 (codified at 8 U.S.C. § 1252 n.).  While Benad's petition for release from custody may not have begun as a challenge to a final order of removal, it is clear that it has now become one.  Therefore, any relief from immigration officials' custody must now come from the Tenth Circuit.

This leaves only Benad's second claim, seeking reversal of the denial of his application for naturalization.  Benad, appearing pro se, styles this claim as "[the] INS denied me due process of naturalization pursuant to Title 8 U.S.C. [§] 1447(B)."  Since Benad's habeas petition alleges no facts that could support a due process claim, I construe it to be an action pursuant to 8 U.S.C. § 1447(b), requesting review of his application for naturalization.

8 U.S.C. § 1447(b) provides as follows:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

In this case, Benad's habeas petition clearly alleges two key facts: (1) the INS exceeded the 120-day limit in ruling on his application for naturalization, and (2) the INS denied his application for naturalization before he filed his habeas petition with this court.  (*See* App. for Writ of Habeas Corpus, March 9, 2005, at unnumbered page titled "claim two.")  In this situation, the statute is unclear whether this court has jurisdiction.

Clearly, had Benad filed his habeas petition before his application for naturalization was denied, this court would have jurisdiction.  *See United States v. Hovsepian*, 359 F.3d 1144, 1159-64 (holding that attorney general cannot deny petitioner's application for naturalization during pendency of proper § 1447(b) appeal in district court). However, Respondents argue that this court lacks jurisdiction because Benad did not file in this court until after his application for naturalization had already been denied.

I agree.  "A central purpose of the statute was to reduce the waiting time for naturalization."  *Hovsepian*, 359 F.3d at 1163.  Given the unfortunate reality that a decision in federal district court often comes only after considerable delay, this purpose would certainly be frustrated if the executive branch lost jurisdiction immediately upon the passing of the 120-day deadline.  Therefore, Respondents' motion to dismiss will be granted.

Alternatively, if I had jurisdiction to reach the merits of Benad's claims, dismissal would still be appropriate.  Based on Benad's habeas petition and the "submission of exhibit" discussed above, there is no doubt that Benad is currently under a final order of deportation.  Therefore, Benad is not eligible for naturalization.  *See* 8 U.S.C. § 1429.

In addition, Magistrate Judge Coan also recommends that Benad's motions for summary judgment and a temporary restraining order be denied as moot.  In light of my findings that I lack jurisdiction over either of Benad's claims for relief, I agree.

Finally, on July 8, 2005, Benad filed a new § 2241 application with the court in an apparent attempt to comply with Magistrate Judge Coan's June 30, 2005 order,

4

which denied Benad's sixth attempt to amend his application, and indicated that he would be given one last chance to amend by July 15, 2005.  On June 27, 2005, I referred this new application, to Magistrate Judge Coan, but neither of her recommendations mention this latest application.  Therefore, I will withdraw my June 27, 2005 reference and address the motion at this time.

Benad's new application, which I construe as a motion to amend, is essentially a rehashing of his claims from his first amended application, and seeks the same relief. Benad asks this court to vacate the order of removal against him, direct his immediate release, and order that his petition for naturalization be granted.  As discussed above, I lack jurisdiction to grant the relief he seeks, and Benad's motion to amend will therefore be denied as futile.

Accordingly, it is ordered:

1.    The recommendation of Magistrate Judge Coan, issued October 6, 2005 (Docket No. 46), is accepted as modified herein.

2.    The recommendation of Magistrate Judge Coan, issued October 14, 2005 (Docket No. 52), is accepted.

3.    The referral of Applicant's new § 2241 application, filed June 27, 2005 (Docket No. 33), is withdrawn.

4.    Applicant's new § 2241 application, filed July 8, 2005 (Docket No. 36), construed as a motion for leave to amend, is denied.

5.    Respondents' motion to dismiss, filed August 16, 2005 (Docket No. 39), is granted as modified herein.

6.    The Clerk shall transfer Applicant Abiodun Benad's first claim (seeking release from custody) in his amended application for a writ of habeas corpus, filed March 9, 2005 (Docket No. 5), to the Tenth Circuit Court of Appeals, pursuant to the Real ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231 (codified at 8 U.S.C. § 1252 n.).

7.    Benad's second claim (seeking relief under 8 U.S.C. § 1447), in his amended application for a writ of habeas corpus, filed March 9, 2005 (Docket No. 5), is dismissed.

8.    Benad's motion for summary judgment, filed August 26, 2005 (Docket No. 42), is denied.

9.    Benad's emergency application for a temporary restraining order, filed October 13, 2005 (Docket No. 48), is denied.

DATED at Denver, Colorado, on March 2, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge